IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-549-FL

| | |
|---|---|
| KAREN YOLANDA SUGGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** ) |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 18, 22). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank, issued a memorandum and recommendation ("M&R") (DE 24), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

On August 30, 2018, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning February 8, 2014. The applications were denied initially and upon reconsideration. A hearing was held on January 9, 2020, before an administrative law judge ("ALJ"), who determined that plaintiff was not disabled in a decision

dated January 28, 2020. After the appeals council denied plaintiff's request for review, plaintiff commenced the instant action on October 19 2020, seeking judicial review of defendant's decision.

## DISCUSSION

A.    Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his [or her] conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and

---

[1]    Internal citations and quotation marks are omitted from all citations unless otherwise specified.

recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of February 8, 2014 through her date last insured of March 31, 2019. At step two, the ALJ found that plaintiff had the following severe impairments: depression, panic disorder,

3

and obesity. However, at step three, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform the full range of medium work, with the following non-exertional limitations:

> She could understand, remember and carry out simple instructions, which is defined to mean activity that is consistent with a reasoning level of "2" or "3" as defined in the Dictionary of Occupational Titles. She could sustain concentration, attention, and pace sufficient to carry out those simple instructions over the course of an 8-hour workday and at 2-hour intervals.

(Tr. 27).

At step four, the ALJ concluded plaintiff was capable of performing past relevant work as a correction officer. The ALJ also found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act, from February 8, 2014, through March 31, 2019.

B.  Analysis

In her objections, plaintiff argues that the ALJ erred in failing: 1) to provide a function by function analysis, 2) to adequately analyze the impact of plaintiff's panic attacks on plaintiff's ability to maintain concentration, persistence and pace, and 3) to properly analyze plaintiff's ability to deal with changes in a routine work setting. Plaintiff, however, identifies no particular error in the analysis of the M&R. Instead, plaintiff restates similar arguments advanced in her motion for judgment on the pleadings. (See Pl.'s Obj. (DE 25) at 5-7; Pl.'s Mem. (DE 19) at 5, 8-9). Upon careful review of the record, the court finds that the magistrate judge already has addressed cogently plaintiff's arguments, and plaintiff raises no issues with the analysis in the M&R for the court to review. See Orpiano, 687 F.2d at 47. Having reviewed the entire record de novo, the

4

court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1).

To augment the analysis in the M&R, the court writes separately to address plaintiff's suggestion that the ALJ did not properly consider treatment notes from October 15, 2018, and August 29, 2019, where she informed her provider that she had frequent panic attacks. (Pl's Obj. (DE 25) at 5-6). The ALJ, however, discussed this evidence in the decision, and weighed it along with other evidence regarding plaintiff's treatment for mental health conditions. For example, the ALJ noted:

> [Plaintiff] did not have any major issues interacting with treating providers and mental exam findings do not reflect frequent complaints of anxiety symptoms. In August 2016, the claimant was noted to have a partial response to treatment and her mental status findings were within normal limits until October 15, 2018. After that, the claimant did not seek further mental health treatment for nearly a year, until recently on August 29, 2019, which is after the date last insured expired. . . [T]he longitudinal record . . . reflects minimal mental health treatment sought during the period of adjudication at issue, several instances of non-compliance with prescribed medication, and a significant gap in treatment sought from October 2018 to August 2019.

(Tr. 30-31; see also Tr. 28-29 (describing treatment records)).

These findings were supported by substantial evidence. For example, treatment notes from July 2016, state that, while plaintiff reported anxiety attacks, she had "not been on any meds for several months," "[t]here are no signs of anxiety," and "[t]here are no signs of hyperactive or attentional difficulties." (Tr. 412). Treatment notes from August 2016, reported a "partial response to treatment." (Tr. 414). Treatment notes from August 2017, report plaintiff was "partially improved," with medication taken regularly, but again "no apparent signs of anxiety" and "normal attention span." (Tr. 422). In April 2018, treatment notes stated that plaintiff's "behavior has been stable and uneventful and she denies any psychiatric problems or symptoms." (Tr. 426). With respect to the dates cited by plaintiff, treatment notes from October 2018 noted

5

Case 5:20-cv-00549-FL   Document 27   Filed 03/25/22   Page 5 of 6

plaintiff "had a setback and seems worse," but with same examination findings. (Tr. 428). Records reflect the gap in treatment until August 2019, at which it was noted plaintiff "no longer takes prescribed medication," and with "signs of anxiety," plaintiff was started on Prozac and Xanax. (Tr. 432-433).

The ALJ thus explained the weight given to pertinent evidence in the record, and that determination was supported by substantial evidence. Accordingly, there is no basis to remand for further explanation.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 24). Plaintiff's motion for judgment on the pleadings (DE 18) is DENIED, and defendant's motion for judgment on the pleadings (DE 22) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 25th day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge